## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **PHERAH LLC,** | |
| Plaintiff, | |
| **v.** | **CIVIL ACTION NO 6:15-cv-995** |
| **WRIKE, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement in which Pherah LLC makes the following allegations against Wrike, Inc.

### PARTIES

2.      Plaintiff Pherah LLC ("Plaintiff" or "Pherah") is a Texas limited liability company with its principal place of business at 5068 West Plano Parkway, Plano, Texas, 75093.

3.      On information and belief, Wrike, Inc. ("Defendant" or "Wrike") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 W. Evelyn Ave, Ste 200, Mountain View, CA 94041. Defendant can be served with process through its registered agent Incorp Services, Inc., 1201 Orange St, Ste 600, Wilmington, DE 19899.

### JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.      On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. RE44,652

7.      Plaintiff is the owner of United States Patent No. RE44,652 ("the '652 patent") entitled "Computer-Readable Data Product For Managing Sales Information."  The '652 Patent issued on December 17, 2013.  A true and correct copy of the '652 Patent is attached as Exhibit A.

8.      Defendant owns, uses, operates, advertises, controls, sells, and otherwise provides products and/or services that infringe the '652 patent. The '652 patent provides, among other things, "[a] non-transitory computer program product readable by a computing system and encoding a set of computer instructions implementing a method for managing product knowledge comprising a plurality of data items related to products offered for sale by a selling entity, the computing system including a memory arrangement and at least one processing unit, the method comprising: defining a data model for a plurality of data categories, the data model establishing relationships between data categories; receiving in the computer system a plurality of particular data items corresponding to the plurality of data categories; receiving user-defined relationship information for the plurality of particular data items, the relationship information relating each of the plurality of particular data items to another of the plurality of particular data items; presenting the product knowledge, including information about the particular data item, to a user of the system in a manner established by the data model and the user-defined relationship, said presenting being in a selected graphical user interface view defining a hierarchy of the data items from a designated starting point within the hierarchy; wherein the data model is constructed from a plurality of data instance items interconnected using the user-defined relationship items for each data instance item, each data instance item being an input that

corresponds to one or more of the data categories and representing at least part of the product knowledge."

9.      Defendant directly and/or through intermediaries, made, has made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '652 patent, including at least Claim 24, in this district and elsewhere in the United States. Particularly, the Defendant's software (as described at http://www.wrike.com) comprises a non-transitory computer program product readable by a computing system and encoding a set of computer instructions implementing a method for managing product knowledge comprising a plurality of data items related to products offered for sale by a selling entity, the computing system including a memory arrangement and at least one processing unit.  By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '652 patent pursuant to 35 U.S.C. § 271.

10.      In the alternative, because the manner of use by Defendant differs in no substantial way from language of the claims, if Defendant is not found to literally infringe, Defendant infringes under the doctrine of equivalents.

11.      Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12.      In addition to what is required for pleadings under Form 18 for direct infringement in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '652 Patent complied with all marking requirements under 35 U.S.C. § 287.

13.      Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendant has infringed the '652 Patent;

2.      A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '652 Patent as provided under 35 U.S.C. § 284;

3.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendant's prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PHERAH LLC**

*/s/ Papool S. Chaudhari*

Dated:  November 19, 2015          By: _____
                                                            Papool S. Chaudhari
                                                            Texas State Bar No. 24076978
                                                            Chaudhari Law, PLLC
                                                            P.O. Box 1863
                                                            Wylie, Texas 75098
                                                            Phone: (214) 702-1150
                                                            Fax: (214) 705-3775
                                                            Papool@ChaudhariLaw.com

**ATTORNEY FOR PLAINTIFF**
**PHERAH LLC**

[4]